# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELISSA WREN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| THE CITY OF CHERRYVALE KANSAS, THE ) | |
| HOUSING AUTHORITY OF THE CITY OF ) | |
| CHERRYVALE, KANSAS d/b/a CHERRYVALE ) | |
| HOUSING AUTHORITY and SARA MYERS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## COMPLAINT

Comes now the Plaintiff and for her cause of action against the Defendants alleges and states as follows:

## JURISDICTION

1. This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343, 42 USC 12101, 42 U.S.C. 3601, and 29 U.S.C. § 794.

2. Venue is proper in this Court, the District of Kansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the District of Kansas.

## FACTS

3. Plaintiff is a person with a disability as defined by the Americans with Disabilities Act, the Fair Housing Act, and the Rehabilitation Act of 1973. Specifically, the Plaintiff is a right leg below-the-knee amputee, has diabetes, osteomyelitis in the left

1

heel, chronic pancreatitis, gastroparesis, non-healing wounds, peripheral vascular disease, and neuropathy, among other disabilities.

4. The Defendant Sara Myers is the Executive Director of the Cherryvale Housing Authority and can be served with process by serving her at 621 S. 4th, Cherryvale, Kansas 67335. Sara Myers may be served individually at the same address.

5. The Defendant Cherryvale Housing Authority is a 24-unit entity receiving federal financial assistance and can be served with process by serving its Executive Director Sara Myers at 621 S. 4th, Cherryvale, Kansas 67335 and Karen Davis, City Clerk of the City of Cherryvale, Kansas.

6. The Plaintiff receives assistance from the State of Kansas and a program commonly known as KanCare. She receives care provided by United HealthCare.

7. The assistance provided by United HealthCare is 41.25 daytime hours per week and 6-8 hours per day of sleep cycle support. Current sleep cycle support is provided by aides who spend the night at 628 Independence Ave. and are available to the Plaintiff, but reside at their own residence during the day and nights they are not on duty. The Defendants are aware of the provisions of the Plaintiff's health care, were aware of those provisions when the lease was signed for a two-bedroom apartment, and have made reasonable accommodations for the aides to spend the night in one of the two bedrooms leased to the Plaintiff. This support is authorized annually and has been authorized until May 31, 2023.

8. On March 13, 2022, the Plaintiff signed a Dwelling Lease Agreement with "The Housing Authority of the City of Cherryvale, Kansas."

9. The Defendant was aware at the time of the lease that the Plaintiff is disabled and uses a wheelchair for mobility because she is a below-the-knee amputee.

10. The Plaintiff receives medicaid assistance from the state of Kansas which is funded in part by federal financial assistance.

11. The Plaintiff requested a reasonable accommodation of a two-bedroom apartment because she has aides provided through a "person-centered care plan" provided by the state of Kansas through United HealthCare.

12. The Defendants were aware when the Plaintiff leased 628 Independence Ave. that she was a person with a disability who has an aide who is with her during the night and, for that reason, the Plaintiff required a two-bedroom unit.

   a. R.H. provides assistance from 2:00 p.m. to 11:00 p.m. on Sundays and from 11:00 p.m. Sunday nights to 5:00 a.m. Mondays.

   b. R.H. provides assistance pn Monday and Tuesday from 3:00 p.m. to 11:00 p.m., and then from 11:00 p.m. to 5:00 the following morning.

   c. G.C. provides assistance on Wednesdays from noon to 11:00 p.m. and 11:p.m. to 5:00 a.m. the following day.

   d. G.C. provides assistance on Thursday and Friday from 8:30 to 11:00 a.m and from 11:00 a.m. to 5:00 a.m. the following day.

   e. The night shift is permitted to go until 7:00 a.m. if the Plaintiff is in need of additional help in the mornings.

   f. The daytime hours total 41.25 hours per week.

   g. The night support hours total 42-56 hours per week.

13. Because of the number of night support hours which last until 5:00 a.m. or later, it is necessary to have a bedroom where the night support worker can sleep. That is the reasonable accommodation that was requested and granted.

14. The lease was for the premises known as 628 Independence Ave. and began on March 14, 2022.  Unless the lease was terminated as provided in the lease, the "Lease shall automatically renew on a yearly basis."  None of the conditions for termination have either occurred or been alleged.

15. On July 19, 2022, the Defendants emailed a letter to the Plaintiff which advised:

> The Cherryvale Housing Authority is in a need of a two-bedroom unit which you now occupy. Because you are a single family living in a two- bedroom unit, in accordance with the occupancy guidelines established by the Housing Authority, you are over housed by one bedroom or more.

16. The Defendants have told the Plaintiff that movers will come to her apartment and move her to a one-bedroom unit on August 23, 2022.

17. The only reason given by the Defendants for moving the Plaintiff out of her apartment which she has leased until at least March 13, 2023 is that they need the two-bedroom unit occupied by the Plaintiff and—at night—her nighttime aide.

18. Moving the Plaintiff to a one-bedroom unit will leave noplace for her nighttime aide to sleep and, in effect, revokes the reasonable accommodation she had been granted.

## VIOLATION OF THE FAIR HOUSING ACT

19. The allegations in paragraphs one through 18 inclusive are incorporated herein as though set forth in full.

20. Sec. 804(f)(3)(B) [42 U.S.C. 3604] of the Fair Housing Act provides that discrimination includes "a refusal to make reasonable accommodations in rules,

4

policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling…"

21. The act of the Defendants in revoking the reasonable accommodation granted to the Plaintiff is a violation of the Fair Housing Act.

22. The Plaintiff is entitled to reasonable attorney fees and costs pursuant to 42 U.S.C. 3612.

## COUNT II – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

23. The allegations of paragraphs one through 18 inclusive are incorporated herein as though set forth in full.

24. Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794(a)) provides:

> " No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance… ."

25. Federal regulations enacted by HUD (Department of Housing and Urban Development) are found at 24 C.F.R. part 8. In particular, 24 C.F.R. § 8.4 prohibits discrimination and includes:

   a. (a) No qualified individual with handicaps shall, solely on the basis of handicap, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any program or activity that receives Federal financial assistance from the Department.

    b. (b) (1) A recipient, in providing any housing, aid, benefit, or service in a program or activity that receives Federal financial assistance from the Department may not, directly or through contractual, licensing, or other arrangements, solely on the basis of handicap:

        a. (i) Deny a qualified individual with handicaps the opportunity to participate in, or benefit from, the housing, aid, benefit, or service;

        b. (iii) Provide a qualified individual with handicaps with any housing, aid, benefit, or service that is not as effective in affording the individual an equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others;

        c. (viii) Otherwise limit a qualified individual with handicaps in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by other qualified individuals receiving the housing, aid, benefit, or service.

26. The Plaintiff is entitled to fees and costs pursuant to 29 U.S.C. § 794a.

**COUNT III – VIOLATION OF THE
<u>AMERICANS WITH DISABILITIES ACT</u>**

27. The allegations in paragraphs one through 18 are incorporated herein as though set forth in full.

28. The Americans with Disabilities Act provides at 42 U.S.C. § 12132: "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits

of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

29. Regulations relating to Title II of the Americans with Disabilities provide, at 28 C.F.R. § 35.130 "(a) No qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity."

30. Section 35.130(b)(7)(i) provides: "A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity."

31. The Plaintiff is entitled to reasonable attorney fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff prays for an Order of the court granting a Temporary Restraining Order, a Temporary Injunction, and a Permanent Injunction enjoining the Defendants from evicting or transferring the Plaintiff from 628 Independence Ave., Cherryvale, Kansas, and refusing to grant the Plaintiff reasonable accommodations of continued occupancy in the 2-bedroom apartment.

>David P. Calvert, P.A.
>
>/s/ David P. Calvert
>David P. Calvert (#06628)
>David P. Calvert, P.A.
>532 N. Market
>Wichita, KS 67214
>Phone (316) 269-9055
>Fax (316) 269-0440
>Email lawdpc@swbell.net

## Designation of Place of Trial

Comes now the Plaintiff and designates Wichita as the place of trial.

>/s/ David P. Calvert
>David P. Calvert (#06628)